IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIAM BERBERICH, BARBARA E. BERBERICH, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DR. JOHN KRUMME, M.D., et al., <br><br> Defendants. | Case No. |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Saint Luke's Hospital of Kansas City ("Hospital") and Saint Luke's Health System, Inc. ("Health System") (collectively, "Saint Luke's Defendants"), by and through their attorneys, hereby submit this Notice of Removal to the United States District Court for the Western District of Missouri, Western Division, of the above-styled action, pending as Case No. 2416-CV10317 in the Circuit Court of Jackson County, Missouri at Kansas City. In support of this notice and as grounds for removal, the Saint Luke's Defendants state as follows:

## BACKGROUND

1. Plaintiffs William and Barbara Berberich ("Plaintiffs") filed their Class Action Petition ("Petition") in Missouri State Court on April 11, 2024. *See* State Court Docket, attached as Exhibit 1; Petition, Ex. 2.

2. Plaintiffs' Petition named the Saint Luke's Defendants, in addition to separate defendants Dr. John Krumme, M.D. and Dickson-Dively Midwest Orthopedic Clinic, LLC. *Id.*

3. The Petition contained eight counts: (I) Negligence, (II) Negligence *per se* (Federal CMS Regulations), (III) breach of fiduciary duty, (IV) breach of express contract, (V) breach of implied contract, (VI) unjust enrichment, (VII) violations of MMPA, and (VIII) medical malpractice. *See* Ex. 2, ¶¶ 67—140.

4. On April 27, 2024, Plaintiffs filed a First Amended Class Action Petition adding a ninth count for common law fraud against all Defendants. *See* Ex. 3, ¶¶ 142—148.

5. Plaintiffs' Amended Petition includes a request for injunctive relief. *See* Ex. 3, ¶ 6.

6. Plaintiffs' Amended Petition, in general, alleges a class action against all four named Defendants stemming from an alleged failure to properly sterilize surgical equipment. *Id.*

7. Plaintiffs' Amended Petition contains the following proposed Class Definition:

> Any and/or all United States residents who were exposed and/or charged by Defendants despite Defendants failure to maintain proper sterilization practices and procedures as required by Federal Law.

*Id.*, ¶ 59.

## **REMOVAL IS TIMELY**

8. Defendant Hospital was served on May 7, 2024. *See* case file from the Circuit Court of Jackson County, Missouri, collectively marked as Exhibit 4 hereto, p. 107.

9. Defendant Health System was served on May 7, 2024. *Id.* at p. 107.

10. Defendants Dickson-Dively Midwest Orthopedic Clinic, LLC and Dr. John Krumme, M.D. were purportedly served on May 9, 2024. *Id.* at pp. 103 and 105 respectively.

11. Accordingly, this Notice of Removal is filed within thirty (30) days as provided by 18 U.S.C. § 1446.

## GROUNDS FOR REMOVAL

12. Plaintiffs' Amended Petition is removable on the basis of federal question jurisdiction and CAFA diversity jurisdiction.

### I. Federal Question and Supplemental Jurisdiction

13. Federal district courts have original jurisdiction over all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. This is commonly referred to as "federal question jurisdiction."

14. In *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.,* 559 F.3d 772 (8th Cir. 2009), the Eighth Circuit explained how federal question jurisdiction is determined upon removal:

> Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir.2005). Federal jurisdiction may be found from a complaint if adjudication of a state claim would turn on a federal constitutional or other important federal question, **even where only state law issues have been pled**. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808–09, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). If even one claim in the complaint involves a substantial federal question, the entire matter may be removed. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

*Id.* at 779 [emphasis added].

15. Count II of Plaintiffs' Amended Petition alleges a claim for negligence *per se* against all Defendants, founded entirely upon alleged violations of numerous "**Federal** CMS Regulations," including:

    a. 42 CFR 482.12;

    b. 42 CFR 482.21;

    c. 42 CFR 482.42;

    d. 42 CFR 482.51;

e.  42 CFR Part 482, Subparts A, B, C, D, and E.

*See* Ex. 3 at ¶¶ 88-92 [emphasis added].

16. Plaintiffs' Count II alleges that Defendants breached their obligations under such "**federal** regulations," which Plaintiffs allege to be negligence *per se* by all Defendants. *Id.* at ¶¶ 94 and 96 [emphasis added].

17. Since resolution of Plaintiffs' Count II must necessarily involve resolution of substantial federal law questions—including a determination whether the cited **federal regulations** are applicable to Defendants, whether Defendants violate those **federal regulations** and whether Defendants' alleged failure to follow those **federal regulations** constitutes negligence *per se*—there should be no doubt that Plaintiffs' Count II "turns on" a "substantial federal question." *Pet Quarters, Inc.,* 559 F.3d at 779.

18. Even though federal question jurisdiction can be **entirely** predicated on just Count II of Plaintiffs' Amended Petition (*see Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003)), other allegations in Plaintiffs' Amended Petition only strengthen that basis for removal. For example, in Count III of their Amended Petition against all Defendants, titled "Breach of Fiduciary Duty," Plaintiffs allege that all Defendants breached their fiduciary duties to Plaintiffs and the putative class members "by failing to comply with **federal** law," among other alleged failures. *Id.* at ¶ 103 [emphasis added].

19. In Count IV of their Amended Petition, asserting a breach of contract, Plaintiffs allege that all Defendants breached obligations under contracts between Plaintiffs and the putative class members by failing to follow sterilization practices required by "**Federal** Law." *Id.* at p. 24 [emphasis added].

20. In Count V of their Amended Petition, asserting a claim for breach of implied contracts, Plaintiffs allege that all Defendants breached implied contracts by failing to maintain proper sterilization practices "required by **Federal** Law." *Id.* at ¶ 109 [emphasis added].

21. In Count VI of their Amended Petition, asserting a claim for unjust enrichment against all Defendants, Plaintiffs claim that Defendants have been enriched by failing to implement sterilization procedures "that were otherwise mandated by **federal**, state, and local laws and/or industry standards." *Id.* at ¶ 125 [emphasis added].

22. In addition, it is clear from Plaintiffs' proposed class definition that they seek to certify and represent a class of individuals who have allegedly been harmed by Defendants' alleged failure to comply with "**Federal** Law." *Id.* at ¶ 59 [emphasis added].

23. Because the proposed Class which Plaintiffs seek to certify includes <u>only</u> those who have allegedly suffered from Defendants' supposed violations of "Federal Law," federal district courts have either: (A) original jurisdiction over every cause of action or (B) supplemental jurisdiction over the causes of action that are not overtly premised on federal questions (e.g., Plaintiff's negligence, MMPA, fraud and medical malpractice claims) because those claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). *See Great Lakes Gas Transmission L.P. v. Essar Steel Minnesota LLC*, 843 F.3d 325, 331-32 (8th Cir. 2016); *Subrogation Division Inc. v. Brown*, 446 F. Supp. 3d 542, 547-49 (D.S.D. 2020); *TallBear v. Soldi, Inc.*, 2020 WL 2490047, *4-5 (D. Minn. May 14, 2020).

24. In sum, Plaintiffs' Amended Petition is replete with references to federal laws and regulations and is premised almost entirely—if not completely—on Defendants' alleged violations

of "federal law." Accordingly, Plaintiffs' Petition is removable for federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. CAFA Diversity Jurisdiction

25. Federal district courts have original jurisdiction in this case under 28 U.S.C. § 1332(d)(2) which states:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which — (A) any member of a class of plaintiffs is a citizen of a state different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

26. The diversity jurisdiction set forth in 28 U.S.C. 1332(d) for class actions only applies to class actions involving more than 100 class members. *See* 28 U.S.C. § 1332(d)(5).

27. Consequently, diversity jurisdiction for class actions pursuant to 28 U.S.C. § 1332(d) applies if: (1) the case involves a proposed "class action;" (2) the proposed class consists of more than 100 putative class members; (3) there is diversity between at least one putative class member and any one defendant, and (4) the amount in controversy could exceed $5 million.

28. Here, all four elements of diversity jurisdiction under 28 U.S.C. § 1332(d) are satisfied. First, this action is a purported "class action" for purposes of 28 U.S.C. § 1332(d)(2). "Class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Here, the Plaintiffs' Amended Petition seeks relief on behalf of a class under Missouri Rule of Civil Procedure 52.08, which is the Missouri state analog to Federal Rule of Civil Procedure 23.

29. Second, upon information and belief the proposed class consists of more than 100 putative class members, and evidentiary proof of this allegation is not required at this stage. *See*

*Waters v. Ferrara Candy Co.* 873 F.3d 633 (8th Cir. 2017). Plaintiffs appear to allege that every surgical procedure that occurred at Saint Luke's Hospital over a multi-year period somehow involved contaminated instruments. *See* Amended Petition, Ex. 3, ¶¶ 2-4, 30 ("one or more of the instruments used during each and every surgery of the Plaintiffs …were contaminated"), 57, 82, 88-94 ("at all relevant times, Defendants breached (various alleged legal duties to provide sanitary surgeries), 104, 107-110, 114-117, 124-125, 133-134. The number of surgical procedures performed at Saint Luke's Hospital on a yearly basis are well into the thousands. Indeed, in their Amended Petition, Plaintiffs indicate that the potential class numbers into the thousands or tens of thousands:

> 62. The members in the Class are so numerous that joinder of each of the Class members in a single proceeding would be impracticable. According to the Kansas City Star, in 2017, Defendant Saint Luke's Hospital "surgery team performed a record 4,282 surgeries, including 419 in December alone." See

*See* Ex. 3, ¶ 62.

30. Third, there is at least minimal diversity under 28 U.S.C. § 1332(d)(2)(A). Unlike standard diversity jurisdiction that applies to non-class action cases where all parties must be completely diverse, class action cases only require <u>minimal</u> diversity, which is satisfied when any member of the proposed class is "a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here:

   a. The named Plaintiffs and some Defendants are citizens of the State of Missouri, and Defendant Saint Luke's Health System, Inc. is a Kansas corporation. *See* Amended Petition, Ex. 3 at ¶ 23. However, Plaintiffs' proposed class definition is not limited to just Missouri and Kansas residents, but encompasses "Any and/or all United States residents[.]" *Id.* at ¶ 59.

   b. Plaintiffs' use of "any and/or all United States residents" in their class definition will necessarily bring in class members who are not citizens of the State of Missouri

or Kansas, therefore, providing minimal diversity. *Doe v. SSM Health Care Corporation*, 2023 WL 5662099, at *6-8 (E.D. Mo. Aug. 22, 2023); *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276-79 (9th Cir. 2017); *Krupka v. Stifel Nicolaus & Co., Inc.*, 672 F. Supp. 3d 705, Nt. 1 (E.D. Mo. 2023) (citing *Westerfeld v. Indep. Processing*, LLC, 621 F.3d 819, 822 (8th Cir. 2010) ("Minimal diversity means that any class member and any defendant are citizens of different states."); *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 788 (8th Cir. 2012) (same).

c. Upon information and belief, one or more members of the putative class are citizens of states other than Kansas and Missouri. Indeed, patients from all across the Midwest have been treated at Saint Luke's Hospital, and evidentiary proof of this allegation is not required at this stage. *See Waters v. Ferrara Candy Co.* 873 F.3d 633 (8th Cir. 2017).

31. Fourth, the $5,000,000 amount in controversy requirement, applicable to proposed class actions pursuant to 28 U.S.C. § 1332(d)(2), is satisfied in this case:

a. Plaintiffs seek several damage components, including a request to claw back every dollar Defendants charged for "unsafe, unsanitary and improper sterilization practices and procedures." *See* Amended Petition, Ex. 3 at ¶¶ 57, 104, 110, 119, and 134.

b. Plaintiffs appear to allege that every surgical procedure that occurred at Saint Luke's Hospital involved contaminated/unsanitary surgical instruments. *See* Amended Petition, Ex. 3, ¶¶ 2-4, 30 ("one or more of the instruments used during each and every surgery of the Plaintiffs …were contaminated"), 57, 82, 88-94 ("at all relevant times, Defendants breached (various alleged legal duties to provide sanitary surgeries), 104, 107-110, 114-117, 124-125, 133-134.

c. Plaintiffs also allege that Saint Luke's has performed thousands, if not tens of thousands, of surgeries that are allegedly at issue in this case. *See* Amended Petition, Ex. 3, ¶ 62.

d. Clearly, if Plaintiffs seek to recover every dollar paid for those tens of thousands of surgeries, the alleged damages under Plaintiffs' damage model would far exceed $5 million.[1]

e. Given Plaintiffs' allegations, common sense dictates that the jurisdictional threshold of $5 million is satisfied. *See Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020) ("A court may 'employ[ ] its judicial experience or common sense' to ascertain whether the relevant jurisdictional fact is present")(citation omitted); *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831–32 (8th Cir. 2005) (relying on record evidence "and common sense" to determine the amount-in-controversy requirement); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326,

---

[1] The Saint Luke's Defendants reserve all rights to contest Plaintiffs' allegations, including their damage theory, at the appropriate stage of this proceeding.

1336 (5th Cir.1995) (Court, in estimating unspecified amount in controversy need not have a "smoking gun" and can rely on common sense); *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010) (district court can rely on "judicial experience and common sense" in considering the amount-in-controversy).

32. Finally, application of 28 U.S.C. § 1332(d)(2) is permitted by 28 U.S.C. § 1332(d)(5) because no defendant is a governmental entity.

## PROCEDURE AND TIMELINESS OF REMOVAL

33. 28 U.S.C. § 1441 states: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

34. 28 U.S.C. § 1446 provides the procedure for such removal, stating in relevant part: "defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal" and the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

35. This notice meets the criteria for removal under 28 U.S.C. §§ 1441 and 1446: it contains a short and plain statement of the grounds for removal, and it is timely filed within thirty days of the Saint Luke's Defendants' receipt of Plaintiffs' Amended Petition.

## VENUE

36. Removal to the United States District Court for the Western District of Missouri is appropriate. Title 28 U.S.C. § 1441(a) states that a civil action "may be removed . . . to the district

court of the United States for the district and division embracing the place where such action is pending."

37. The state court action is pending in the Circuit Court of Jackson City, Missouri, which is located in the geographical jurisdiction of this Court. Therefore, venue properly lies in the United States District Court for the Western District of Missouri.

**CONSENT TO REMOVAL**

38. For purposes of federal question jurisdiction, pursuant to 28 U.S.C. § 1446, the Saint Luke's Defendants have obtained the consent of Co-Defendants John Krumme, M.D. and Dickson-Diveley Midwest Orthopedic Clinic, LLC, copies of which are attached hereto collectively as Exhibit 5.

39. For purposes of CAFA diversity jurisdiction, consent of all co-defendants is not a requirement. *See* 28 U.S.C. § 1453(b).

**NOTICE PROVIDED TO PLAINTIFFS AND STATE COURT**

40. Contemporaneously herewith, the Saint Luke's Defendants have given Plaintiffs written notice of the filing of this Notice of Removal.

41. Further, pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be served upon all adverse parties and will be promptly filed with the Clerk of the Circuit Court of Jackson County, Missouri.

42. Also, pursuant to 28 U.S.C § 1446(a), the Saint Luke's Defendants file herewith a copy of all process, pleadings, orders, and other documents on file in Case No. 2416-CV10317 in the Circuit Court of Jackson City, Missouri as Exhibit 4 hereto.

43. All requirements and conditions precedent for removal to the Western District of Missouri have been met.

## CONCLUSION

WHEREFORE, Defendants Saint Luke's Hospital of Kansas City and Sant Luke's Health System, Inc. respectfully request that the above-entitled action now pending in the Circuit Court of Jackson County, State of Missouri, be removed therefrom to this Court.

Dated: June 3, 2024.                                      Respectfully Submitted,

                                                  */s/ Justin D. Fowler*
Justin D. Fowler       MO #57791
Joseph A. Kronawitter   MO #49280
Taylor P. Foye          MO #71527
Claire J. Cowherd      MO #74617
Horn Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
jfowler@hab-law.com
jkronawitter@hab-law.com
tfoye@hab-law.com
ccowherd@hab-law.com

***Attorneys for Defendants Saint Luke's Hospital of Kansas City and Sant Luke's Health System, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all person registered for ECF as of that date.

                                              */s/ Justin D. Fowler*